CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/4/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| PETERS, RACHEL, N., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 6:23cv00044 |
| | ) |
| JP MORGAN CHASE & CO., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendant JPMorgan Chase Bank, N.A. ("Chase"), erroneously named here as JP Morgan Chase & Co., hereby removes the action entitled Peters, Rachel, N. v. JP Morgan Chase & Co., filed in the Commonwealth of Virginia, Lynchburg General District Court (the "Action"), to the United States District Court for the Western District of Virginia, on the following grounds:

### Removal Is Timely

1. Removal is timely because Chase was not properly served with process in the underlying proceeding and also did not receive the papers that Plaintiff Rachel N. Peters ("Plaintiff") purportedly served via the Secretary of the Commonwealth. Notwithstanding, Plaintiff purports to have served Chase via the Secretary of the Commonwealth with the Warrant in Debt in this action on June 23, 2023. According to the Affidavit of Service filed in the Action, the Secretary of the Commonwealth forwarded the papers to JP Morgan Chase & Co. by Certified Mail, Return Receipt Requested on July 6, 2023. Accordingly, Chase has timely filed this Notice of Removal within thirty (30) days of any receipt of a copy of the initial pleading. See 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all

pleadings, process, and orders served on Chase are attached as Exhibit A and incorporated herein by reference.

## The Court Has Removal Jurisdiction Over the Action

2.     Pursuant to 28 U.S.C. § 1331, original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "An action may 'arise under' a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law."  Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 769 (1986) (citing Franchise Tax Bd. of Cal. v. Constr. Laborer's Vacation Trust, 463 U.S. 1, 9 (1983)).  Insofar as Plaintiff alleges liability on the basis of "inaccurate reporting," Plaintiff could only be asserting a claim for violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), a claim necessarily arising under the laws of the United States, and subject to this Court's removal jurisdiction under 28 U.S.C. § 1331.  The FCRA expressly preempts state laws relating to the responsibilities of furnishers of credit information, like Chase is here.  See 15 U.S.C. § 1681t(b) ("No requirement or prohibition may be imposed under the laws of any State (1) with respect to any subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ."); see also Cipollone v. Liggett Grp., Inc., 505 U.S. 504, 521 (1992) (explaining that the phrase "no requirement or prohibition" in a preemption provision refers both to state common law claims as well as to state statutory claims).  Given Plaintiff's allegation that Chase engaged in "inaccurate reporting," she only could be referring to information Chase furnished to a consumer reporting agency regarding some consumer lending product she has with Chase.  Thus, the removal is proper.

### Consent Is Not Necessary Because No Other Defendant Has Been Named

3. Chase is the only named defendant in this Action. Accordingly, consent to removal is not necessary and removal is proper pursuant to 28 U.S.C. § 1446(a) & (b).

### Venue Is Proper in This Court

4. This Court is the proper district court for removal because the Lynchburg General District Court is located within the United States District Court for the Western District of Virginia. See 28 U.S.C. § 1441(a) and 1446(a). Venue is proper in the Lynchburg Division of the U.S. District Court of the Western District of Virginia under Local General Rule 2 because the Lynchburg General District Court is within Campbell County, Virginia. See 28 U.S.C. § 127(b).

### Notice Will Be Effected

5. Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal shall be given to adverse parties and a duplicate copy of this Notice of Removal shall be filed in the Action.

Dated: August 4, 2023

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Patrick A. Harvey*
Patrick A. Harvey, Bar No. 78565
patrick.harvey@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone: 202.739.3000
Facsimile:  202.739.3001

Attorneys for Defendant
  *JPMorgan Chase Bank, N.A.*